IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH ZIEGLER,

      **Plaintiff,**

vs.                                   CIVIL ACTION NO. 2:19-CV-00855

CHARLES RIDER, *ET AL.,*

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed on December 4, 2019.[1] (ECF No. 1) By Order entered on December 5, 2019, this matter was transferred to the undersigned for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 6) Having examined the Complaint (ECF No. 2), the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

On December 4, 2019, Plaintiff, acting *pro se*, filed his Complaint invoking jurisdiction pursuant to 28 U.S.C. § 1343[3] claiming entitlement to relief under 42 U.S.C. §§ 1981 – 1986, *et*

---

[1] Plaintiff also filed his Complaint and Supplemental Motion to Proceed *In Forma Pauperis*. (ECF Nos. 2, 3) Subsequently, on December 13, 2019, Plaintiff filed a Motion to Demand the Magistrate be Removed from Case for Good Cause (ECF No. 7).

[2] Because Plaintiff is proceeding *pro se*, the documents they have filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972).

[3] Section 1343 bestows original jurisdiction in the United States district courts for actions alleging deprivation of civil rights under color of state law:

*seq.*, "Federal Common Law; and/or any/all other applicable Federal Statutes on violations of Federal Civil Rights and Federal Law as determined by the U.S. Supreme Court". (ECF No. 1) Plaintiff names the following Defendants: Charles "Jeff" Rider and Jeffrey Boggs. (Id.) Plaintiff is a resident of Ohio and each of the Defendants are asserted to be residents of Clay, West Virginia. (Id.)

Plaintiff asserts three separate claims of action:

First, on April 4, 2019 when Plaintiff, a "disabled minority", was exercising his rights to Equal Protection, Freedom of the Press, Association, Movement, and Travel when he was unlawfully charged with "False Traffic/DUI Charges concerning a undriveable motor vehicle with two flat tires" by Clay County Sheriff deputies, Michael Morris and Ryan Thomas. (Id.) Plaintiff asserts the deputies' actions deprived him of his property (vehicle), "in violation of his Federal Equal Protection Right not to be Discriminated against based upon his Race, Disability, National Origin, or for being engaged in a Federally protected Right/Privilege to Freedom of the Press, Association, and Right not to be deprived of Property without Due Process of Law." (Id.) Plaintiff further asserts that deputies Morris and Thomas caused his vehicle to be unlawfully towed from private property and failed to conduct a mandatory "Inventory Search" of Plaintiff's vehicle, including personal property contained within the vehicle. (Id.) This was in blatant violation of

---

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

  (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

  (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

  (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

  (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

"established State and Federal Right to Property on Inventory Search cases." (Id.) Subsequently, on April 8, 2019, Plaintiff and his friend returned to claim his vehicle from King's Towing, where deputy Morris physically threatened Plaintiff, and "if Plaintiff talks about or files anything in Federal Court that this Plaintiff would be arrested." (Id.) Fran King refused to release Plaintiff's vehicle after Plaintiff paid for its release. (Id.)

As for his second claim, Plaintiff alleges that on April 24 and 26, 2019, he filed Notices for Removal of the "pending State Civil/Criminal DUI Charges" to this Court, Case No. 2:19-cv-325. (Id.) On September 19, 2019, District Judge John J. Copenhaver, Jr. remanded the matter. (Id.) However, prior to this Court's remand, Plaintiff indicates that Defendants "Maliciously and Corruptly, and completely without Subject Matter Jurisdiction" caused Plaintiff to appear in the Clay County Magistrate Court on "false charges" in violation of 28 U.S.C. § 1446(d). (Id.)[4]

For his third claim, Plaintiff states that on June 13, 2019 he appeared in the Clay County Magistrate Court on a notice to appear sent by "Defendant Clay County Magistrate Court Judge Charles 'Jeff' Rider" while his civil action was pending in this Court in violation of 28 U.S.C. § 1446(d). Plaintiff alleges Defendant Rider conspired with the Clay County Sheriff deputies by

---

[4] Plaintiff further provides:

**NOTE**: It should be duly noted/proffered for the record that U.S. Magistrate Judge: DWANE TINSLEY that was assigned to both of this Plaintiff's directly related pending Federal Civil Action Complaint JOSEPH ZIEGLER V CLAY CO SHERIFF ET AL, Case No: 2:19-CV-00410, and the Notice For Removal that U.S. Magistrate Judge: DWANE TINSLEY was fully aware that the Clay Co Magistrate Court Judge(s) acted Maliciously and Corruptly without legal Subject Matter Jurisdiction and conspired with the Defendants et al, and unaware naïve Federal Prosecutors to RETALIATE against this Plaintiff as claimed in Civil Action Complaint. By having this disabled Pro Se Plaintiff arrested on Retaliatory False Federal Charges (ie, U.S. V ZIEGLER, CASE NO: 2-19-CR-00148) and for being held unlawfully without Right to Bond. When this Pro Se Plaintiff appeared on the pending False Clay County Magistrate Court DUI Charge lawfully removed Federal Notice of Removal of Clay County Magistrate Court on case entitled the STATE OF WEST VIRGINIA V JOSEPH ZIEGLER, Case No: 2:19-CV-00325.)

(reproduced in original)

retaliating against Plaintiff and had him arrested on false charges in federal court (U.S. v. Ziegler, Case No. 2:19-cr-00148). On July 25, 2019, "Defendant Clay County Magistrate Court Judge Jeffrey Boggs once again acted Maliciously and Corruptly without Subject Matter Jurisdiction by unlawfully conducting a Pretrial Hearing while being fully aware the Plaintiff's Civil Action Complaint, and Plaintiff's Federal Notice for Removal was still pending in Federal Court regarding this Plaintiff, and that Federal Charges were initiated by the Defendants against this Plaintiff." (Id.)

Plaintiff demands a jury trial. (Id.) Plaintiff reserves the right to amend his complaint to include " 'Similar Acts' of recent Routine Practice of Federal Civil Rights violations committed by the Defendants et al in violation of clearly established Federal Law as determined by the U.S. Supreme Court." (Id.) In addition to declaratory and injunctive relief against these Defendants, Plaintiff asks this Court to order Defendants "from any further imminent 'retaliation, harassment, coercion, threats, and intimidation' against Plaintiff." (Id.) Plaintiff seeks $1,000,000 in "actual, compensatory, treble, and/or punitive damages" in both their "judicial" and/or individual capacities for violating "Federal Laws, State Laws, Customs, Policies, Procedures, and Plaintiff's clearly established Federal Civil Rights protected under Federal Law for blatantly violating and/or conspiring to violate this Pro Se Plaintiff's clearly established Federal Laws, State Laws, Customs, Policies, protected under 42 U.S.C. 1981 et seq through 42 USC 1986 et seq; Federal Common Law, and the First and Fourteenth Amendments of the United States Constitution, as determined by the United States Supreme Court". (Id.)

On December 13, 2019, Plaintiff filed a "Motion to Demand the Magistrate be Removed from Case for Good Cause" (ECF No. 7). In particular, Plaintiff seeks the removal of the referral of this matter to the undersigned because "[n]o consent was ever give[n] by either party for this Honorable Magistrate Judge to proceed over this case as required by right under the clearly

established Federal Civil Court Rule 53(a)(2), 28 U.S.C. § 636(c), and 28 U.S.C. § 455." (Id. at 1)

Plaintiff appears to misunderstand the referral of this matter to the undersigned. While 28 U.S.C. § 636(c) permits the parties to consent to a magistrate judge conducting any or all proceedings in a jury or nonjury civil matter, including the entry of a final judgment, Section 636(b)(1) permits a district judge to designate a magistrate judge to hear and determine any pretrial matter, and for certain enumerated motions or types of proceedings, to submit proposed findings of fact and recommendations for disposition to the presiding district judge. Because Plaintiff is proceeding *pro se*, this matter was referred to the undersigned United States Magistrate Judge to consider all pretrial proceedings and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), as stated *supra*. 28 U.S.C. § 636(b)(1); see also Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 72 and n.7 (4th Cir. 2016) ("Section 636(b) permits a district court to assign *any* pretrial matter to a magistrate judge.") (emphasis added). Thus, this matter is properly referred to the undersigned, pursuant to 28 U.S.C. § 636(b)(1) and Section 636(c) is not presently implicated.

Plaintiff's motion makes a single reference to 28 U.S.C. § 455, and to the extent he seeks to disqualify the undersigned pursuant to that Section, the undersigned notes that Plaintiff has not asserted any factual scenario or situation to implicate subsections (a) and (b)(1) of that statute. Section 455(a) provides, in pertinent part, that a magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) also mandates disqualification where a magistrate judge "has a personal bias or prejudice concerning a party. " 28 U.S.C. § 455(b)(1).

The standard for determining disqualification is "whether another, not knowing whether or not the judge is actually impartial, might reasonably question his impartiality on the basis of all

the circumstances." United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998); Aiken County v. BSP Division of Envirotech Corp., 866 F.2d 661, 679 (4th Cir. 1989). This is an objective standard and recusal under section 455(b)(1) "is required only if actual bias or prejudice is proved by compelling evidence." Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000) (concluding that a reasonable person would not be convinced of bias based on judicial rulings alone). The Plaintiff bears the burden of proving facts that justify recusal. DeNardo v. Municipality of Anchorage, 974 F.2d 1200, 1201 (9th Cir. 1992).

In accordance with the provisions of 28 U.S.C. §§ 455(a) and (b)(1), the undersigned denies having any personal bias or prejudice concerning Plaintiff, the parties, or the matters raised herein, and firmly believes that his impartiality cannot reasonably be questioned in this case. Plaintiff's mere citation to this Section appears to be based solely on the fact that he simply did not consent to the referral pursuant to Section 636(b)(1).

Therefore, as an initial matter, the undersigned **FINDS** that there is no valid basis for disqualification of the undersigned or re-assignment of this matter. Accordingly, it is hereby **ORDERED** that the "Motion to Demand the Magistrate be Removed from Case for Good Cause" (ECF No. 7) is **DENIED**.

## THE STANDARD

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, the Complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), aff'd, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an

indisputably meritless legal theory. <u>Denton v. Hernandez</u>, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." <u>Id.</u>, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." <u>Id.</u>, 490 U.S. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* Complaints. See <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings); <u>Coleman v. Peyton</u>, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims). A *pro se* Complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Haines v. Kerner</u>, 404 U.S. 519, 521 (1972), *quoting* <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992).

Though this Court is required to liberally construe *pro se* documents and hold them to a less stringent standard than those drafted by attorneys[5], liberal construction "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." <u>Miller v. Jack</u>, 2007 WL 2050409, at *3 (N.D.W.Va. 2007) (citing <u>Gordon</u>

---

[5] <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (1978).

v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)).

## ANALYSIS

As an initial matter, the undersigned notes that most of Plaintiff's claims asserted herein mirror those he asserted in two prior civil actions he filed in this Court: Joseph Ziegler v. Clay County Sheriff, Miles Slack, M.P. Morris, Deputy Thomas, C.C. Grose, Jim Samples, and Fran King, Case No. 2:19-cv-00410; and State of West Virginia, et. al., Magistrate Court of Clay County, Clay County Courthouse v. Joseph Ziegler, Case No. 2:19-cv-00325. In civil action number 2:19-cv-00410, Senior District Judge John T. Copenhaver, Jr. entered a Memorandum Opinion and Order and Judgment Order on March 18, 2020 adopting the undersigned's Proposed Findings and Recommendation to dismiss Plaintiff's claims. (See ECF Nos. 26, 27 in case no. 2:19-cv-00410) In civil action 2:19-cv-00325, Senior District Judge John T. Copenhaver, Jr. entered a Memorandum Opinion and Order on September 19, 2019 remanding the matter back to the Magistrate Court of Clay County, West Virginia (See ECF No. 7 in case no. 2:19-cv-00325); the undersigned will address this latter case further, *infra*.

**Sections 1981, 1982, 1986:**

Plaintiff is required to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's Complaint does not comply with Rule 8(a) for failing to allege sufficient facts and circumstances showing entitlement to relief. After having liberally reviewed Plaintiff's Complaint, it is clear that Plaintiff only provides "naked assertion[s]" which are verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). In other words, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley, 355 U.S. at 45–46 (1957).

Moreover, with respect to Plaintiff's claims under "Federal Common Law", "any/all other applicable Federal Statutes on violations of Federal Civil Rights and Federal Law as determined by the U.S. Supreme Court", the "First, Sixth, Eight, and Fourteenth Amendments", and his claims under "his Equal Protection Right not to be Discriminated against based upon his Race, Disability, National Origin, and/or for being engaged in a Federally protected Right/Privilege to Freedom of the Press, Association, and/or to Travel" as well as claims under "Federal Laws, State Laws, Customs, Policies" (See, ECF No. 1 at 1, 3, 4, 7, 9, 10), as noted *supra*, it would be improper for this Court to fashion arguments or theories for *pro se* litigants. See, e.g., Gordon v. Leeke, 574 F.2d 1147 (4th Cir.1978). With respect to the aforementioned claims, Plaintiff does not allege any specific facts with respect to either of the named Defendants that support any claim for which Plaintiff would be entitled to relief. Further, to that extent, Plaintiff's Complaint is not salvageable even if he was permitted to amend his Complaint in the spirit of Denton v. Hernandez, *supra*.

Accordingly, the undersigned finds that Plaintiff fails to state a claim for which relief can be granted and recommends dismissal of Plaintiff's Complaint on these alleged grounds.[6]

**Section 1983:**

To the extent that Plaintiff indicates that U.S. Magistrate Judge Tinsley conspired with Defendants as related to the matters contained in Case Nos. 2:19-cv-00410 and 2:19-cr-00148 (ECF No. 2 at 6; See n.4, *supra*), the undersigned notes that Plaintiff was indicted in this Court in criminal action number 2:19-cr-00148-1, United States v. Joseph R. Ziegler, for two counts of "Impersonation of a Federal Officer or Employee" in violation of 18 U.S.C. § 912 that occurred

---

[6] Indeed, Plaintiff has alleged no facts whatsoever to support his claims under his "First Federal Claim for Action" (ECF No. 2 at 2-4), save for his conclusory allegation that "Defendants violat[ed] and/or conspire[ed] to violate this Plaintiff's clearly established Federal Civil Rights to Equal Protection of Law as determined by the U.S. Supreme Court." (Id. at 3)

on April 4 and April 8, 2019 in Clay County, West Virginia. After having been tried to a jury on August 19, 20, and 21, 2019, the jury returned a guilty verdict on both counts; Plaintiff was sentenced to time served with no term of supervised release on November 13, 2019. (See ECF No. 117 in criminal number 2:19-cr-00148-1) Plaintiff has appealed his conviction to the Fourth Circuit Court of Appeals, and the appeal is still pending. Construing Plaintiff's allegations liberally, it appears that Plaintiff asserts that his constitutional rights were violated during the course of his criminal proceedings in this Court regarding criminal action number 2:19-cr-00148-1.

Plaintiff also appears to challenge the validity of his conviction in criminal action number 2:19-cr-00148-1, insofar as he has asserted a conspiracy between and among Defendants, Clay County Sheriff deputies, and even Magistrate Judge Tinsley. Consequently, the undersigned finds that Plaintiff has failed to state a cognizable claim under Section 1983 pursuant to Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87, 114 S.Ct. 2372. See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003) (holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under Heck, since judgment in arrestee's favor would have implied the invalidity of conviction). Plaintiff's recent conviction has not been overturned or declared invalid. The undersigned, therefore, finds that because Plaintiff has not demonstrated that

his criminal conviction has been invalidated in criminal case number 2:19-cr-00148-1, Plaintiff's Section 1983 claim is not cognizable pursuant to <u>Heck</u>. Moreover, the undersigned finds that Plaintiff's challenges with respect to the criminal proceedings in this Court do not relate back to the allegations contained in Plaintiff's original Complaint in this action. Accordingly, the undersigned respectfully recommends that the above claims be dismissed.

**Equal Protection and Section 1985:**

Section 1985(3) provides:

If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Therefore, to state a claim for relief under Section 1985(3), a plaintiff must allege (1) a person's engagement in a conspiracy; (2) for the purpose of depriving, either directly or indirectly, the plaintiff or class of persons of the equal protection of the laws, or of equal privileges or immunities under the laws; (3) the person's act in furtherance of the conspiracy; (4) the plaintiff's injury in his person or property or deprivation of a right or privilege of a citizen of the United States. <u>Simmons v. Poe</u>, 47 F.3d 1370, 1376 (4th Cir. 1995). Allegations specifying "concrete supporting facts" are required to state a claim for relief under Section 1985(3). Conclusory allegations of conspiracy will not suffice. <u>Simmons v. Poe</u>, 47 F.3d at 1377 ("[W]e have specifically rejected section 1985

claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts.")

The undersigned finds that Plaintiff has not stated a claim for which relief may be granted under Section 1985(3). Plaintiff merely concludes without specific factual support that each Defendant engaged in a conspiracy to deprive him of his right to equal protection under the First, Sixth, Eight, and Fourteenth Amendments; his right to be free from discrimination on the basis of his race, disability, national origin; his rights to freedom of the press, association, and/or to travel; as well as his rights to life, property, and due process. (ECF No. 2 at 3, 5, 7, 9) Plaintiff has not alleged any facts plausibly suggesting an invidiously discriminatory or racial animus by Defendants. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268, S.Ct. 753, 758, 122 L.Ed.2d 34 (1993) (citing Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971) (a plaintiff raising a claim pursuant to Section 1985(3) must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirator's action"); Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985) ("neither the Supreme Court nor the Fourth Circuit has identified any classes other than racial or religious classes"). Moreover, Plaintiff provides no concrete facts to demonstrate that Defendants came to a mutual understanding or acted jointly or in concert to deprive Plaintiff of any constitutional right. Plaintiff's allegations of a conspiracy, as are his claims of discrimination and harassment based on his "disabled" and "minority" status, conclusory.[7] Accordingly, the undersigned respectfully recommends Plaintiff's Section 1985 claims be dismissed.

**28 U.S.C. § 1446(d):**

---

[7] Plaintiff's allegations against Defendants' alleged violations of his equal protection rights concern matters unrelated to race, disability or any other recognized protected class.

As this Court is aware, Plaintiff filed an action to remove his State court criminal matters in case number 2:19-cv-00325, <u>State of West Virginia et al, Magistrate Court of Clay County, Clay County Courthouse v. Joseph Ziegler</u>. Plaintiff was charged with numerous misdemeanor offenses involving serious traffic violations that included reckless driving, no insurance, no registration, no operators, and driving under the influence (See, ECF No. 3-1, case number 2:19-cv-00325), which ostensibly resulted in the towing and seizure of Plaintiff's vehicle. As noted *supra* and by Plaintiff, that case was remanded back to State court. (See, ECF No. 7, <u>Id</u>.)[8] That matter is significant to the case *sub judice* to the extent that it concerned State criminal matters and involved allegations against unnamed "Magistrate Court Magistrate(s)/Judge(s) for Clay County, West Virginia" and "Clay County Courthouse Magistrate(s)/Judge(s) for Clay County, West Virginia" (See, ECF No. 3 at 2, <u>Id</u>.). In that prior action, Plaintiff's alleged the "Magistrate Court for West Virginia and/or Clay Co Courthouse" and "State Judge" violated 28 U.S.C. § 1446(d) by having Plaintiff appear in the Magistrate Court of Clay County, West Virginia for "false charges." (See, <u>Id</u>. at 4, <u>Id</u>.) Further, Plaintiff previously alleged the Magistrate Court defendants committed numerous violations of a litany of constitutional rights, protections, and other enumerated federal statutes akin to what has been asserted herein.

Plaintiff is correct that pursuant to 28 U.S.C. § 1446(d), "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded." Despite Plaintiff's claims that his rights, described *supra*, were violated by the actions allegedly taken by Defendants Rider and Boggs in their capacities as Magistrates for Clay County

---

[8] Subsequently, Plaintiff appealed this matter to the Fourth Circuit Court of Appeals, where it remains pending.

Magistrate Court to the extent that on or about June 13, 2019 and July 25, 2019 hearings were scheduled in Plaintiff's State criminal proceedings, there does not appear to be a specific cause of action available solely on a violation of the removal statute. There are, however, remedies for improper removal.

Of interest here is that in its remand order concerning Plaintiff's removal action, the Court determined that "the Notice of Removal lacks allegations setting forth a valid basis for removal of defendant's criminal case to this court." (See ECF No. 7 at 5; case number 2:19-cv-00325) Subsequently, in Plaintiff's other civil action, the Court noted that Plaintiff's misdemeanor offenses that were pending before the Magistrate of Clay County, Mercer County were dismissed with prejudice on January 15, 2020. (See ECF No. 26 at 15; case number 2:19-cv-00410) This Court has previously held that an award of attorney's fees was proper, as compensation for costs incurred responding to improper removal. See Caulfield v. EMC Mortgage Corp., 803 F.Supp.2d 519 (S.D.W.Va. July 19, 2011) (Goodwin, J.) No party has claimed any costs incurred by Plaintiff's improper removal, and subject matter jurisdiction was effectively 'returned' to the Magistrate Court of Clay County, West Virginia upon remand and the certification that followed. See 28 U.S.C. § 1447(c) ("A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.") (See also ECF Nos. 7, 8, 9; case number 2:19-cv-00325) As noted *supra*, Plaintiff's State court matters were dismissed with prejudice, accordingly, it follows that his claims concerning the actions allegedly taken by Defendants on or about June 13, 2019 and July 25, 2019 have been rendered moot.

**Judicial Immunity:**

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court

recognized when it adopted the doctrine in <u>Bradley v. Fisher</u>, 80 U.S. 335, __ S.Ct. __, 20 L.Ed. 646 (1872)." <u>Imbler v. Patchman</u>, 424 U.S. 409, 419, 96 S.Ct. 984, 990, 47 L.Ed.2d 128 (1976). Judicial immunity does not attach when a judicial officer acts in the clear absence of all jurisdiction. <u>Stump v. Sparkman</u>, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978); <u>Pressly v. Gregory</u>, 831 F.2d 514, 517 (4th Cir. 1987). The doctrine of judicial immunity, however, "attaches even if the act in question was in excess of [the judge's] authority." <u>Jackson v. Houck</u>, 181 Fed. App'x 372, 372 (4th Cir. 2006) (quoting <u>Mireles v. Waco</u>, 502 U.S. 9, 12-13, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." <u>Id</u>. (adopting doctrine of absolute judicial immunity in Section 1983 actions) (internal citation omitted). Based upon Plaintiff's allegations against the Clay County Magistrates, Defendants Rider and Boggs, the undersigned finds that they are absolutely immune from suit. Plaintiff has argued Defendants violated his constitutional rights by having him appear for criminal charges at the Clay County Magistrate Court on June 13, 2019, and then again on July 25, 2019 by conducting a pretrial hearing for same.[9] As stated above, judges have absolute immunity for their judicial acts even when the judge is accused of acting maliciously and corruptly. Accordingly, the undersigned respectfully

---

[9] It is noted that Plaintiff was arrested on June 13, 2019 for the felony charges in the indictment that was pending in this Court, <u>United States of America v. Joseph Ziegler</u>, criminal action number 2:19-cr-000148-1 (See, ECF No. 11, case no. 2:19-cr-00148-1) Following an arraignment and detention hearing in that matter, U.S. Magistrate Judge Dwane Tinsley ordered Plaintiff to remain detained pending further proceedings. (See, ECF No. 18, <u>Id</u>.) A hearing concerning Plaintiff's motion for reconsideration for release on bond (See, ECF No. 19, <u>Id</u>.) was subsequently held on July 17, 2019; U.S. Magistrate Judge Tinsley denied the motion (See, ECF No. 30, <u>Id</u>.) and Plaintiff remained detained until his sentencing in that matter on November 13, 2019 (See, ECF No. 115, <u>Id</u>.). Plaintiff remained in federal custody when the alleged pretrial hearing was held on July 25, 2019 in the Magistrate Court for Clay County, West Virginia; there is no indication from the docket sheet that Plaintiff was transferred to Clay County for that hearing.

recommends that Plaintiff's claims be dismissed because Defendants are entitled to absolute immunity.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* and Supplemental Motion to same (ECF Nos. 1, 3), **DISMISS** Plaintiff's Complaint (ECF No. 2), and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of

such objections shall be served on opposing parties, District Judge Goodwin, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: March 26, 2020.



Omar J. Aboulhosn
United States Magistrate Judge

18