IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH ZIEGLER,

        Plaintiff,

v.                                                                    CIVIL ACTION NO. 2:19-cv-00855

CHARLES RIDER, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

      This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this court of proposed findings and recommendation ("PF&R") for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On March 26, 2020, the Magistrate Judge submitted findings and recommended that the court **DISMISS** the complaint for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), [ECF No. 2], **DENY** Plaintiff's Application to Proceed in Forma Pauperis and Supplemental Motion to same, [ECF Nos. 1, 3], and **REMOVE** this matter from the Court's docket. Pro se Plaintiff submitted Objections and a Petition for Interlocutory Appeal on April 9, 2020, which I also construe as an objection. [ECF Nos. 8, 9]. The Magistrate Judge further **DENIED** Plaintiff's "Motion to Demand the Magistrate be Removed from Case for Good Cause." [ECF No. 7]. The Magistrate Judge noted that "most of Plaintiff's claims

asserted herein mirror those he asserted in two prior civil actions he filed in this Court." PF&R [ECF No. 8] 8.

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary. *Howard's Yellow Cabs, Inc. v. United States,* 987 F.Supp. 469, 474 (W.D.N.C.1997). A litigant who makes only vague objections to the magistrate's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless. *Id.* Such a general objection does not meet the requirements of 28 U.S.C. § 636(b)(1), and failure to file a specific objection constitutes a waiver of the right to de novo review. *Id.* (citing *Mercado v. Perez Vega,* 853 F.Supp. 42, 44 (D.P.R.1993)); *Vines-Carter v. Store Merchants in Malls*, No. 2:15-CV-03061, 2015 WL 4253947, at *1 (S.D.W. Va. July 13, 2015).

In his objections, Plaintiff does not direct any specific objections to Magistrate Judge Aboulhosn's PF&R, but instead asks for the same relief that the Magistrate Judge recommended be denied. Similarly, Plaintiff's interlocutory appeal also repeats his ask that the magistrate be removed from the case, which is addressed in the

PF&R, and does not state a specific error by the Magistrate Judge. *See also United States v. Bundy*, 392 F.3d 641, 644–45 & n. 1 (4th Cir.2004) (noting that "piecemeal or interlocutory appeals are disfavored in the federal courts"). His pro se objections and interlocutory appeal contain almost 30 pages altogether, all either difficult to comprehend or lacking relevance to his purported claim.

Because the plaintiff does not address any specific error by the Magistrate Judge, the court **FINDS** that a de novo review is not required. Plaintiff also fails to demonstrate any clear error in the PF&R. Accordingly, the court accepts and incorporates herein the findings and recommendation of the Magistrate Judge and orders judgment consistent with the findings and recommendations. The court **OVERRULES** the petitioner's objection and **DENIES** his interlocutory appeal. [ECF Nos. 9, 10]. The court **DISMISSES** the complaint for failure to state a claim upon which relief can be granted, [ECF No. 2], **DENIES** Plaintiff's Application to Proceed in Forma Pauperis and Supplemental Motion to same, [ECF Nos. 1, 3], and **REMOVES** this matter from the Court's docket. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 17, 2020

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE