IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSEPH ZIEGLER,

          Plaintiff,

v.                                        CIVIL ACTION NO. 2:19-cv-00855

CHARLES RIDER, et al.,

          Defendants.

ORDER

Pending before the court are Plaintiff Joseph Ziegler's Motion for a Certificate of Appealability [ECF No. 13], Application to Proceed on Appeal without Prepayment of Fees [ECF No. 14], Supplemental Motion to Proceed on Appeal without Prepayment of Fees [ECF No. 15], and Motions for Relief from Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure [ECF Nos. 21, 22]. For the reasons that follow, ECF Nos. 13, 14, and 15 are **DENIED as MOOT**, and ECF Nos. 21 and 22 are **DENIED**.

I. Background

Plaintiff filed his Complaint [ECF No. 2] and an Application to Proceed in Forma Pauperis [ECF No. 1] on December 4, 2019. This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this court of proposed findings and recommendation ("PF&R") for disposition,

pursuant to 28 U.S.C. § 636(b)(1)(B). On March 26, 2020, the Magistrate Judge submitted his PF&R [ECF No. 8] and recommended that the court **DISMISS** the Complaint [ECF No. 2] for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), **DENY** Plaintiff's Application to Proceed in Forma Pauperis [ECF No. 1] and Supplemental Motion to do the same [ECF No. 3], and **REMOVE** this matter from the Court's docket. Plaintiff submitted Objections [ECF No. 8] and a Petition for Interlocutory Appeal [ECF No. 9] on April 9, 2020, which I also construed as an objection. In my Memorandum Opinion and Order [ECF No. 11] issued on June 17, 2020, I found that Plaintiff did not make any specific objections to the PF&R that warranted de novo review. I then overruled Plaintiff's objections, denied his motion for an interlocutory appeal, denied his motions to proceed in forma pauperis, dismissed his complaint for failure to state a claim upon which relief can be granted, and removed this case from the active docket.

On June 24, 2020, Plaintiff filed his Motion for Certificate of Appealability [ECF No. 13], Application to Proceed on Appeal without Prepayment of Fees [ECF No. 14], Supplemental Motion to Proceed on Appeal without Prepayment of Fees [ECF No. 15], and a Notice of Appeal to the United States Court of Appeals for the Fourth Circuit [ECF No. 16]. The Fourth Circuit opened Plaintiff's appeal on June 29, 2020, [ECF No. 19], granted his Motion to proceed without prepayment of fees on July 16, 2020, [ECF No. 23] and affirmed my Order on October 23, 2020 [ECF Nos. 24, 25, 27]. While his appeal was pending with the Fourth Circuit, Plaintiff filed his Motions for Relief from Judgment [ECF Nos. 21, 22] in this court.

Because Plaintiff's Motions were filed during the pendency of his appeal, this court was without jurisdiction until the appeal was resolved. *United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)) ("the filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.'"). Now that the Fourth Circuit has issued its Mandate [ECF No. 27], Plaintiff's pending motions are ripe for consideration.

## II. Pending Motions

### a. Motion for Certificate of Appealability [ECF No. 13]

Plaintiff's first pending motion is a Motion for a Certificate of Appealability. [ECF No. 13]. In this case, no Certificate of Appealability was needed for Plaintiff to pursue his appeal. This court issued a final judgment [ECF No. 12] from which an appeal could be filed. In fact, the Fourth Circuit has already heard and ruled on Plaintiff's appeal. Therefore, the Motion [ECF No. 13] is **DENIED as MOOT**.

### b. Motions to Proceed on Appeal without Prepayment of Fees [ECF Nos. 14, 15]

Plaintiff's next pending motions are his Application [ECF No. 14] and Supplement Motion [ECF No. 15] to Proceed on Appeal without Prepayment of Fees. Plaintiff filed the same motions with the Fourth Circuit, and those motions were granted. Because Plaintiff has already proceeded with his appeal in forma pauperis, the Motions [ECF Nos. 14, 15] are **DENIED as MOOT.**

### c. Motions for Relief from Judgment [ECF Nos. 21, 22]

Finally, Plaintiff filed two separate but simultaneous Motions for Relief from Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure on July 13, 2020. [ECF Nos. 21, 22].

Rule 60 provides an "exception to finality" that "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005)). Relevant here, Rule 60(b) allows a court to relieve a party from a final judgment or order for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) "any other reason that justifies relief." *Id.* 60(b)(1)–(6); *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (explaining that a party moving for relief under Rule 60(b) "must demonstrate at least one of the six grounds for relief listed in Rule 60(b)"). Relief under Rule 60(b)(6) for "any other reason that justifies relief" requires "extraordinary circumstances." *Gonzalez*, 545 U.S. at 536; *Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). Importantly, Rule 60(b) does not authorize a motion "merely for reconsideration of a legal issue" or that is "nothing more than a request that the district court change its mind." *United States v. Williams*, 674 F.2d 310, 312-13 (4th Cir. 1982); see also *In re GNC Corp.*, 789 F.3d

505, 511 (4th Cir. 2015) ("Rule 60 does not authorize motions for correction of a mistake of law").

In his Motions, Plaintiff seeks relief from the Memorandum Opinion and Order that I issued on June 15, 2020, [ECF No. 11]. Plaintiff argues that the Order was contrary to law and was based on an unreasonable determination of facts. [ECF No. 21, at 2–3]. Plaintiff further argues that I failed to engage in a reasoned assessment of each of his claims, in violation of "the standards set forth by the US Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000)." [ECF No. 21, at 3]. And, though Plaintiff's Motions are at times unintelligible, Plaintiff appears to argue that "extraordinary circumstances exist" to warrant relief from judgment because my Memorandum Opinion and Order contains "strictly legal error" and "mistakes" [ECF No. 21, at 4–5], and that I "abused [my] discretion, created manifest injustice, erred, and prejudiced th[e] Plaintiff by issuing a Substantially Erroneous Final Order." [ECF No. 22, at 2]. That is, Plaintiff argues that I should not have dismissed his case because he did state a claim upon which relief can be granted, and that he should be entitled to a jury trial on his Complaint. [ECF No. 21, at 5–7]. Throughout the remainder of his Motions, Plaintiff reasserts the arguments made in his Complaint and Objections to the PF&R.

Though it is unclear whether Plaintiff intends to bring his Motions pursuant to Rule 60(b)(1) or 60(b)(6), the matter is irrelevant. Plaintiff's Motions are based on his contention that my earlier Order contained a mistake of law. This is "nothing

more than a request that the district court change its mind." *Williams*, 674 F.2d at 313. Therefore, Plaintiff's Motions [ECF Nos. 21, 22] must be **DENIED.**

### III. Conclusion

For the foregoing reasons, ECF Nos. 13, 14, and 15 are **DENIED as MOOT**, and ECF Nos. 21 and 22 are **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 25, 2021

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE